**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

GREGORY WAYNE SMITH,
        *Defendant-Appellant.*

No. 02-4952

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert E. Maxwell, Senior District Judge.
(CR-01-15)

Submitted: April 15, 2003

Decided: May 5, 2003

Before KING and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Jonathan D. Fittro, Clarksburg, West Virginia, for Appellant. Thomas E. Johnson, United States Attorney, Sherry L. Muncy, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Gregory Wayne Smith appeals his conviction and sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000), and theft of firearms, in violation of 18 U.S.C. § 922(u) (2000). He contends the district court improperly denied his motions to sever, and improperly enhanced his offense level under the Sentencing Guidelines for obstruction of justice. We affirm.

Smith argues joinder of the three firearms offenses for which he was indicted was not proper under Fed. R. Crim. P. 8. Rule 8(a) provides that two or more offenses may be charged in the same indictment when the offenses "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." This court reviews de novo the district court's refusal to grant a misjoinder motion to determine whether the initial joinder of the offenses was proper under Rule 8(a). *United States v. Mackins*, 315 F.3d 399, 412 (4th Cir. 2003). If joinder was proper, review of the denial of a motion to sever is for abuse of discretion under Fed. R. Crim. P. 14. *Id.* We find joinder was proper, and that the district court did not abuse its discretion in denying Smith's motion to sever.

Smith next contends the district court improperly enhanced his offense level for obstruction of justice, pursuant to *U.S. Sentencing Guidelines Manual* § 3C1.1 (2000). We review for clear error. *See United States v. Self*, 132 F.3d 1039, 1041 (4th Cir. 1997). Finding no error, we affirm.

Accordingly, we affirm Smith's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*